NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3818
_____

RICHARD C. ACKOUREY, JR.,
d/b/a GRAPHIC STYLES/STYLES INTERNATIONAL LLC,
                                        Appellant

v.

SONELLAS CUSTOM TAILORS, a/k/a HONG KONG TAILORS (USA);
DILEEP KUMAR DASWANI, a/k/a KEN DASWANI

_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
D.C. Civil No. 2-12-cv-06729
(Honorable Jan E. DuBois)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 05, 2014

Before: HARDIMAN, SCIRICA, and ROTH, *Circuit Judges*

(Filed: July 29, 2014)

_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Richard Ackourey, Jr. appeals an order of the District Court dismissing his copyright infringement suit against Sonella's Custom Tailors and Dileep Kumar Daswani for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Because there was an insufficient basis for personal jurisdiction, we will affirm.[1]

I.

Since we write solely for the benefit of the parties, we recount only those facts relevant to the issues before us. Plaintiff Richard Ackourey, Jr. is a Pennsylvania resident who owns copyrights in two fashion stylebooks published in 2005 and 2006. The stylebooks contain images of various fashion clothing designs. The stylebook images are subject to re-use and redistribution in accordance with various licensing arrangements.

Defendant Dileep Kumar Daswani is an Oregon resident and the owner of Sonella's Custom Tailors ("SCT"), an apparel business operated out of Daswani's home in Beaverton, Oregon. All of SCT's business is conducted in person at consultation appointments. SCT's website allows prospective customers to email requests for consultation appointments and advertises a travel schedule that lists available appointments in Oregon and various locations throughout the United States. The website does not allow customers to place orders, make payments, or engage in any business transaction. SCT appointments consist of showing fabric samples to customers, providing styling advice, and measuring customers for custom sizing. SCT sends any orders made

---

[1] The District Court had subject matter jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

at these appointments to an independent supplier in Hong Kong. The Hong Kong supplier manufactures the custom clothing and ships the order directly to the customer.

In March 2005, Daswani ordered a copy of Ackourey's 2005 stylebook. The book was shipped from Pennsylvania to Daswani's Oregon address. Thereafter, SCT's website allegedly displayed Ackourey's copyrighted images without authorization. On December 3, 2012, Ackourey filed a copyright infringement suit against SCT and Daswani in the United States District Court for the Eastern District of Pennsylvania.

On April 29, 2013, Defendants filed a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). In response, Ackourey argued Defendants established minimum contacts with the Commonwealth sufficient to support specific personal jurisdiction by directly targeting potential customers in Pennsylvania and by purchasing the 2005 stylebook. Ackourey did not request jurisdictional discovery, but submitted exhibits of screenshots of SCT's website listing available appointments in Pennsylvania. Daswani averred that he has no customer base in Pennsylvania and has never travelled to Pennsylvania for business purposes. Daswani conceded he may have on rare occasion fulfilled an order for a Pennsylvania customer referred to him by a cooperating tailor.

The District Court issued an opinion and order on August 21, 2013, granting Defendants' motion to dismiss. The court found Defendants' "passive website and related non-Internet contacts are insufficient to support the exercise of specific jurisdiction over the defendants." App. 11. Ackourey filed a timely notice of appeal.

## II.

We review a district court's decision concerning personal jurisdiction *de novo*, but

3

review its factual findings under a clearly erroneous standard. *Control Screening LLC v. Technological Application & Prod. Co.*, 687 F.3d 163, 167 (3d Cir. 2012). Following a defendant's Rule 12(b)(2) motion, plaintiff bears the burden of proving that jurisdiction exists by a preponderance of the evidence. *Imo Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998).

III.

Ackourey argues on appeal that the District Court erred in granting Defendants' Rule 12(b)(2) motion because Defendants established minimum contacts with Pennsylvania sufficient to support the exercise of specific personal jurisdiction.[2]

Fed. R. Civ. P. 4(e) authorizes federal courts to exercise "personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998). Pennsylvania's long-arm statute permits courts to exercise personal jurisdiction over nonresident defendants "to the fullest extent allowed under the Constitution of the United States" and "based on the most minimum contact with this Commonwealth allowed under the Constitution." 42 Pa. Cons. Stat. Ann. § 5322(b).

Constitutionally, federal courts may exercise specific personal jurisdiction over

---

[2] Ackourey also raises—for the first time on appeal—two additional arguments. First, he contends Defendants' targeted advertising, use of Pennsylvania locations, and efforts to solicit Pennsylvania businesses are sufficient to support the exercise of *general* personal jurisdiction. Because Ackourey failed to raise this argument before the District Court, we decline to address it here. *See Srein v. Frankford Trust Co.*, 323 F.3d 214, 224 n.8 (3d Cir. 2003) ("We have consistently held that we will not consider issues that are raised for the first time on appeal absent compelling reasons." (internal quotation marks and citation omitted)). Second, Ackourey argues for jurisdiction based on the "effects test" of *Calder v. Jones*, 465 U.S. 783 (1984). Again, because Ackourey failed to raise this argument before the District Court, we decline to address it here.

4

nonresident defendants only when the defendants have purposefully directed activities at and established "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). Moreover, the litigation must "'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). A defendant's contacts with the forum state must be "such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Random, fortuitous, or attenuated contacts are not sufficient to support jurisdiction. *Id.* at 295; *see Burger King*, 471 U.S. at 475.

Ascertaining specific personal jurisdiction in claims arising from Internet commerce requires courts to determine whether a defendant established minimum contacts through cyberspace. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1123-24 (W.D. Pa. 1997). "[*Zippo*] has become a seminal authority regarding personal jurisdiction based upon the operation of an Internet web site." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003). When analyzing Internet commerce cases, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo*, 952 F. Supp. at 1124. This sliding scale ranges from situations where a defendant uses an interactive commercial website to actively transact business with residents of the forum state (personal jurisdiction exists) to situations where a

5

passive website merely provides information that is accessible to users in the forum state (personal jurisdiction does not exist). *Id.* To determine whether personal jurisdiction exists for situations between these extremes, we examine "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Id*; *see Toys "R" Us*, 318 F.3d at 452. In *Zippo*, the court found personal jurisdiction existed where the defendant "[did] more than advertise on the Internet in Pennsylvania" by using its website to "contract[] with approximately 3,000 individuals and seven Internet access providers in Pennsylvania." *Zippo*, 952 F. Supp. at 1126.

Ackourey alleges Defendants wrongfully displayed his copyrighted images on SCT's website and contends Defendants established minimum contacts with the Commonwealth by (1) using the website to target potential customers in Pennsylvania, (2) selling custom-tailored apparel through appointments in Pennsylvania, and (3) reaching into Pennsylvania to purchase a copy of the 2005 stylebook. Following Defendant's Rule 12(b)(2) motion, Ackourey bore the burden of proving that jurisdiction exists by a preponderance of the evidence. *See Imo Indus.*, 155 F.3d at 257. Since specific jurisdiction requires a plaintiff's claims to arise out of or relate to a defendant's contacts with the forum, *Burger King*, 471 U.S. at 472, we must determine whether Ackourey has demonstrated that Defendants established constitutionally sufficient minimum contacts with Pennsylvania via their website. We find he has not.

Here, the "level of interactivity and commercial nature" of SCT's website is minimal, *Zippo*, 952 F. Supp. at 1124, and does little "more than advertise on the Internet in Pennsylvania," *id*. at 1126. The website lists a travel schedule and only allows

6

potential customers to email requests for appointments. It does not permit customers to place orders, make payments, or engage in any business transactions. This low degree of commercial activity renders Defendants' website essentially passive. *See id*. at 1124 ("A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction.").

Furthermore, even if scheduling appointments alone was sufficiently interactive and commercial under *Zippo*, Ackourey has failed to provide any evidence that Pennsylvania residents used Defendants' website to schedule appointments. Daswani averred he has no customer base in Pennsylvania, has never travelled to Pennsylvania for any purpose related to his tailoring business, and only on rare occasion fulfilled an order for a Pennsylvania customer referred to him by a cooperating tailor. Ackourey provides no evidence refuting these claims and did not request jurisdictional discovery. Although Defendants' website may have informed potential customers in Pennsylvania of the possibility of appointments in the Commonwealth, there is no evidence Defendants received any web-based requests for appointments in Pennsylvania or transacted any business whatsoever with Pennsylvania residents via its website.

Finally, we agree with the District Court that Daswani's purchase of a copy of Ackourey's stylebook—which was shipped from Pennsylvania—is an attenuated contact with the Commonwealth insufficient to support the exercise of personal jurisdiction. Simply purchasing a book that happens to be shipped from Pennsylvania would not likely lead one to "reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297.

Accordingly, we agree with the District Court that Ackourey has failed to meet his burden of proving that personal jurisdiction exists.

## IV.

For the foregoing reasons, we will affirm the decision of the District Court granting Defendants' Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.